IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIFT A. Z. DIVINE ALLAH,

       Plaintiff,                              1: 09 cv 01888 AWI MJS PC

  vs.                                           FINDING AND RECOMMENDATION
                                           OF DENIAL OF MOTION FOR INJUNCTIVE
                                           RELIEF

                                           (Doc. 2,5,11)

P. L. VASQUEZ, et al.,

       Defendants.

_____/

       Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Pending before the court are Plaintiff's motions for injunctive relief.

       Plaintiff, formerly incarcerated at Wasco State Prison, seeks an order "mandating the CDCR Wasco State Prison R/C Appeals Coordinator R. Escalante CC II to address the merits of the enclosed petition for injunctive relief, as the Plaintiff has presented cognizable claims of CDCR malfeasance."  Plaintiff's motions for injunctive relief consists of generalized complaints

regarding the inmate appeals process.  He contends that he has "cognizable appeals dating back to 2006."

Attached to Plaintiff's motion are copies of inmate appeals filed by Plaintiff complaining generally about the inmate appeals process.  Plaintiff also complains of conduct of the California Department of Corrections and Rehabilitation, but does not allege any specific injury-causing conduct by any named defendant.  He asserts that his inmate appeals have gone unanswered and that CDCR doctors "are committing fraud through reimbursement upon payment to the CDCR and correctional officials working under the color of authority are knowingly and willingly and maliciously filing fictitious returns and squandering state expenditures."   Plaintiff asks that Wasco State Prison and unidentified medical officials respond to his sick call requests.

The complaint in this action set forth allegations similar to those found in Plaintiff's request for injunctive relief.   However, on review, this court found that the complaint failed to allege facts sufficient to state a claim for relief; its allegations were vague and failed to link any conduct by the named defendants to a deprivation suffered by Plaintiff.  Accordingly on this date, the court dismissed the complaint, albeit with leave to file an amended complaint.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Inasmuch as the court has dismissed plaintiff's original complaint, with leave to amend,

1 and no amendment has yet been filed, there is at this time no case or controversy before the
2 court. The court therefore has no jurisdiction to issue any preliminary injunctions.

3 (Additionally, on January 4, 2010, Plaintiff filed a notice of change of address, indicating
4 release from custody. When an inmate seeks injunctive or declaratory relief concerning the
5 prison where he is incarcerated, his claims for such relief become moot when he is no longer
6 subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v.
7 Rice, 730 F.2d 1250, 1255 (9th Cir. 1984). Accordingly, plaintiff's requests should also be
8 denied as moot.)

9 Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive
10 relief be denied.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within thirty**
13 **days** after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties. Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
16 shall be served and filed within ten days after service of the objections. The parties are advised
17 that failure to file objections within the specified time waives all objections to the judge's
18 findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file
19 objections within the specified time may waive the right to appeal the District Court's order.
20 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 Dated:   May 28, 2010                             /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE