# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A.Z. DIVINE ALLAH, | CASE NO. 1:09-cv-01888-AWI MJS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| P. L. VASQUEZ et al., | (Doc. 1) |
| Defendants. | |

**I.      Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed this action on October 15, 2009.[2]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] On January 4, 2010, plaintiff filed a notice of change of address, indicating that he has been paroled. Plaintiff lists his address as Region I, Parole Unit 5, in Fresno.

[2] Plaintiff's statement of claim begins on page 15 of his complaint.   Plaintiff numbers his statement of claim pages 1-5.  The court will refer to pages 1-5, indicating the 5 pages of Plaintiff's statement of claim.  Along with this order, the court will send to plaintiff a 3 page form complaint for a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is directed to use the form complaint, and number any narrative attachments beginning with page 4.

1

1  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5  1915(e)(2)(B)(ii).

6  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
8  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
9  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
10 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
11 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the
12 liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,
13 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not
14 supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union
15 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
16 (9th Cir. 1982)).

17 **II.    Plaintiff's Claims**

18 Plaintiff names as defendants in this action the following individuals:  P. L. Vasquez,
19 Warden at Wasco State Prison; Ken Clark, Warden at the California Substance Abuse Treatment
20 Facility at Corcoran;  I.D.  Clay, Warden at the Sierra Conservation Center in Jamestown;
21 Warden Johnson at Avenal State Prison;  and, Governor Schwarzenegger.  Plaintiff appears to
22 allege that defendants, or some of them, interfered with his legal mail, with the inmate grievance
23 process, and with his access to the courts and also denied him adequate medical treatment.

24 **A.    Mail**

25 Plaintiff alleges that defendant Wardens Vasquez, Clay, Johnson and Clark have "not
26 answered documented outgoing legal mail."  (Compl., p. 1.)  Prisoners have "a First Amendment
27 right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).
28 Prison officials may justifiably censor outgoing mail concerning escape plans, containing

information about proposed criminal activity, or transmitting encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974). Prison officials may also visually inspect outgoing mail to determine whether it contains contraband material that threatens prison security or material threatening the safety of the recipient. See Witherow v. Paff, 52 F.3d 264, 266 (9th Cir. 1995); Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986). Prison officials are not permitted to review prisoners' legal papers for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Prison officials may, however, consistent with the First Amendment, (1) require that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. Macdougall, 656 F.2d 527, 528 (9th Cir. 1981). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). A prison need not treat all mail sent to government agencies and officials as legal mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996).

Here, plaintiff fails to charge any of the named defendants with conduct that constitutes a deprivation of plaintiff's rights regarding his incoming or outgoing mail. Plaintiff's allegation is that the defendants have not "answered documented outgoing legal mail." They have no obligation to do so. The defendants may only be liable if they unjustifiably censor outgoing mail or improperly inspect incoming legal mail. There are no such allegations in this case. This claim must therefore be dismissed.

Further, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

### B.     Inmate Grievances

Plaintiff alleges that the wardens are aware of "CDCR malfeasance." Specifically,

1  plaintiff alleges

> malfeasance on behalf of their subordinates, yet as a comradery of sorts not only the wardens but inmate appeals and the Director of Corrections, Region I. Appeal Coordinator Gov. Schwarzenegger, and the Health Care Receiver along with a host of other documented respondents who have failed to answer inmate cognizable complaints.[3]

(Compl., p.1.)

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The claim that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,

---

[3] Plaintiff makes a reference to the Health Care Receiver. Plaintiff may not pursue any claims for equitable relief for violation of the consent decrees in Coleman v. Davis, CV-S-90-0520 LKK JFM and Armstrong v. Wilson, No. 96-16870 (N.D. Cal.). Such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

1 | 97 F.3d 987, 992-93 (7th Cir.1996).

Though unclear from the complaint, it appears that plaintiff alleges, at most, a difficulty with the inmate grievance process. To state a claim under section 1983, a plaintiff must allege that (1) defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

Here, plaintiff generally alleges difficulty with the inmate grievance process, but does not specify conduct on the part of each named defendant constituting a deprivation of a protected interest. Plaintiff must allege facts indicating that defendants did more than review his inmate grievances. As noted, plaintiff does not have a substantive right in an inmate grievance process and defendants can not be liable for their actions in reviewing an inmate grievance.

This claim must therefore be dismissed.

**C.     Access to Courts**

Plaintiff alleges that he

> can show and prove the CDCR has been impeding upon inmate right to access to courts as the letter is log as going out to Fresno County Superior Court, yet I have a letter from the Fresno County Research Attorney saying they did not have a writ of habeas corpus from me.

(Compl., p. 2.)

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276,

5

1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam).  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  Id. at 348.

Here, plaintiff fails to allege facts that indicate any of the named defendants engaged in conduct that impeded Plaintiff's access to the courts.  That a document was sent and not received does indicate difficulty with access to the courts, but does not subject an individual defendant to liability under section 1983.  As noted, plaintiff must allege some facts indicating conduct on behalf of the individual defendant resulting in deprivation of a protected interest.  Plaintiff must connect the conduct of a named defendant with injury suffered.  Plaintiff has failed to do so.  This claim must therefore be dismissed.

### D. Medical Care

Plaintiff alleges that he was prescribed an excessive dose of Dilantin and that unit health records were falsified.  (Compl, p. 1.)   He does not charge any individually named defendant with specific wrongful conduct in this regard.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

In order to state a claim for relief for constitutionally inadequate medical care, plaintiff must allege facts indicating that a named defendant or defendants knew of and disregarded a serious risk to plaintiff's health or safety and caused injury to plaintiff. Plaintiff has alleged no such facts in this case. Plaintiff refers to a doctor, but does not identify him or what he may have done wrong. The only named defendants are supervisory defendants. To state a claim, plaintiff must allege facts indicating that each defendant participated in, or knew and failed to prevent, the alleged harm.

### E.  Executive Liability

Plaintiff names Governor Schwarzenegger as a defendant. Governors and other high-level state executive officials are not entitled to absolute immunity. Mueller v. Auker, 576 F.3d 979 (9th Cir. 2009)(citing Scheuer v. Rhodes, 416 U.S. 232, 247-49 (1974). To determine whether a public official is protected by qualified immunity, the Supreme Court clarified the framework set out in Saucier v. Katz, 533 U.S. 194 (2001). Pearson v. Callahan, 555 U.S. ___,129 S.Ct. 808 (2009). Here, however, plaintiff fails to allege any wrongful conduct by the Governor. Plaintiff must charge the executive official with conduct which deprived plaintiff of a protected interest. Plaintiff has failed to do so here.

## III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies identified here. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not, however, change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's complaint will be dismissed with leave to amend. Plaintiff's amended complaint must clearly state individually for each defendant: 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right. Plaintiff may not simply provide a narrative recount of injuries allegedly

7

suffered.    Plaintiff may not name defendants together and vaguely allege they violated his Eighth and Fourteenth Amendment rights or other rights.  Each Defendant is only liable for the injuries his or her own actions caused.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

//
//

5. If Plaintiff fails to file an amended complaint within the time allowed, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  May 28, 2010                             /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE