# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A.Z. DIVINE ALLAH, | CASE NO.   1:09-cv-1888-MJS (PC) |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |
| v. | |
| P.L. VASQUEZ, et al., | (ECF No. 18) |
| Defendants. | |

Plaintiff Gift A.Z. Divine Allah ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights [Bivens] action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 12.) On June 1, 2010, the Court dismissed Plaintiff's Complaint because it failed to state a claim upon which relief could be granted. (ECF No. 17.) Plaintiff was notified of the legal standards governing his claim and was granted leave to file an amended complaint.

Plaintiff's amended complaint was due July 6, 2010. (Id.) Plaintiff failed to meet this deadline and the Court issued a Show Cause Order on July 13, 2010. (ECF No. 18.) The Show Cause Order warned Plaintiff that the case would be dismissed if Plaintiff failed to respond to the Order and/or file an amended complaint by August 18, 2010. (Id.) The Court has not received a response to the Show Cause Order. Plaintiff has not filed an amended complaint.

The Court has the inherent power to control its docket and may impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216

1  F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to
2  comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious
3  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
4  to the defendants; (4) the public policy favoring disposition of cases on their merits; and
5  (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products
6  Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations
7  omitted).  These factors guide a Court in deciding what to do, and are not conditions that
8  must be met in order for a court to take action.  Id. (citation omitted).

9       The Court has considered each of these factors.  Based thereon and Plaintiff's
10 failure to comply with or otherwise respond to this court orders, the Court has no alternative
11 but to dismiss the action for failure to prosecute.  Id.  This action can proceed no further
12 without Plaintiff filing a complaint, and the Court cannot allow the case to simply remain idle
13 on the its docket.  Id.  Accordingly, this action is HEREBY DISMISSED for failure to
14 prosecute, without prejudice.  The Clerk is directed to close the case.

15
16 IT IS SO ORDERED.
17 Dated:    September 10, 2010            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE